IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN PHILIPPS,

       Plaintiff,

  v.

ERIC HOLDER, Attorney General, Department of Justice; and MARGARET HAMBURG, Commissioner, Food and Drug Administration,

       Defendants.
                                  /

No. C 10-03721 CW

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (Docket No. 12)

     Defendants Eric Holder and Margaret Hamburg move to dismiss pro se Plaintiff John Philipps' claims against them. Plaintiff opposes the motion. The motion was taken under submission on the papers. Having considered the papers submitted by the parties, the Court GRANTS Defendants' motion.

BACKGROUND

     Plaintiff alleges that he does business as "Federal Industrial Hemp of the United States." Compl. 2:2-3. Although not altogether clear, Plaintiff appears to seek primarily a declaration that his "use, possession, manufacture, and distribution of a schedule one controlled substance (Industrial Hemp)" does not violate the federal Food, Drug, and Cosmetic Act (FDCA); the Controlled Substances Act (CSA); or "the authority of the Drug Enforcement Administration." Id. at 3:10-16, 23:14-15.

     Plaintiff, however, also alleges that he was criminally prosecuted by the State of California "for running a business and

was denied the right to earn a living." Id. at 16:17-19.  The State is not a party to this action.  Based on these allegations, Plaintiff asserts claims for violations of his right to equal protection, his substantive due process right "to earn a living" and the Supremacy Clause.  Id. at 17:7-22:7.  These claims and the supporting factual allegations are largely identical to those Plaintiff asserted in a case he filed in July 2007 against defendants different from those named here.  See generally Phillips v. City of Oakland, Case No. C 07-3855 CW (N.D. Cal.).  The Court dismissed that action with prejudice for failure to state a claim.

## LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally

2

required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

DISCUSSION

Defendants argue that Plaintiff's equal protection, substantive due process and Supremacy Clause claims fail as a matter of law. Plaintiff failed to respond to Defendants' arguments concerning these claims, but instead argued that, under Hemp Industries Association v. Drug Enforcement Administration, 357 F.3d 1012 (9th Cir. 2004), he is entitled to a declaration that he may lawfully "warehouse hemp suitable solely for industrial (not human consumption) purposes." Pl.'s Addendum to Memo of P. & A. 2. Because Plaintiff did not address Defendants' well-founded arguments or suggest that amendment would not be futile, his equal protection, substantive due process and Supremacy Clause claims are dismissed with prejudice. The Court considers Plaintiff's request for declaratory relief below.

The Declaratory Judgment Act permits a federal court to "declare the rights and other legal relations" of parties to "a case of actual controversy." 28 U.S.C. § 2201; see Wickland Oil Terminals v. Asarco, Inc., 792 F.2d 887, 893 (9th Cir. 1986). The "actual controversy" requirement of the Declaratory Judgment Act is

3

the same as the "case or controversy" requirement of Article III of the United States Constitution. <u>Am. States Ins. Co. v. Kearns</u>, 15 F.3d 142, 143 (9th Cir. 1993).  Under the Declaratory Judgment Act, a two-part test is used to determine whether jurisdiction over a claim for a declaratory judgment is appropriate.  <u>Principal Life Ins. Co. v. Robinson</u>, 394 F.3d 665, 669 (9th Cir. 2005).  First, the court must determine if an actual case or controversy exists within its jurisdiction.  <u>Id.</u>  Second, if so, the court must decide whether to exercise its jurisdiction.  <u>Id.</u>

     Plaintiff has not established that he has an actual case or controversy against Defendants.  Read generously, Plaintiff's papers appear to suggest that, notwithstanding his acquisition of an Employer Identification Number (EIN) issued by the Internal Revenue Service, he may face criminal prosecution by state or federal authorities for his manufacture and distribution of a Schedule I controlled substance.  He apparently seeks a declaration that he may lawfully engage in such conduct.  However, he cites no authority that authorizes him, as a holder of an EIN, to manufacture and distribute a Schedule I controlled substance.  <u>Hemp Industries Association</u> does not support his position.  That case held that the Drug Enforcement Administration lacks authority "to regulate drugs that are not scheduled."  357 F.3d at 1018.  Here, Plaintiff asserts that the substance at issue in this litigation is scheduled.  <u>See, e.g.</u>, Compl. 4:7-9.  Further, Plaintiff does not allege any other facts to suggest that Defendants have taken any unlawful action that has injured him or that they have threatened any unlawful action that may cause him harm.  Whether or not

4

Defendants intend to prosecute him,[1] Plaintiff does not allege any facts to suggest that such prosecution would be unlawful.  Finally, even if Plaintiff established a justiciable case or controversy, he has not justified the exercise of the Court's discretion to render a declaratory judgment.

Accordingly, Plaintiff's request for a declaratory relief is denied.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss.  (Docket No. 12.)  Because he did not respond to Defendants' arguments concerning his equal protection, substantive due process and Supremacy Clause claims or suggest that amendment would not be futile, these claims are dismissed with prejudice. Plaintiff's request for a declaratory judgment that his EIN entitles him to manufacture and distribute a Schedule I controlled substance is denied for lack of an actual case or controversy; even if such a controversy existed, the Court would decline to exercise its discretion to render a declaratory judgment.

The Clerk shall enter judgment and close the file.  All parties shall bear their own costs.

IT IS SO ORDERED.

Dated: 8/22/2011

CLAUDIA WILKEN
United States District Judge

---

[1] Indeed, Plaintiff does not indicate under what authority, as Commissioner of the Food and Drug Administration, Defendant Hamburg could prosecute him.

5

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

PHILIPPS et al,

        Plaintiff,

v.

HOLDER et al,

        Defendant.

Case Number: CV10-03721 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 22, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John Philipps
2337 Ransom Avenue
Oakland, CA 94601

Dated: August 22, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk